UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**CEDAR COAL COMPANY,**

    Petitioner,

v.

**PEARL M. BARTON, survivor of CLARENCE E. BARTON,**

and

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,**

    Respondents.

**Appeal No.:** _____
**BRB No.: 16-0558 BLA**

## PETITION FOR REVIEW

Cedar Coal Company hereby petitions this Honorable Court for review of the attached June 27, 2017 Decision and Order of the United States Department of Labor Benefits Review Board, which affirmed the award of federal black lung benefits to Pearl M. Barton under the Federal Coal Mine Health and Safety Act, as amended.

The issues to be considered in this Petition for Review are:

1. Whether the Administrative Law Judge ("ALJ") applied an incorrect standard for rebutting legal pneumoconiosis by requiring the employer to disprove any contribution of the miner's coal mine employment to his lung disease and to rule out or exclude legal pneumoconiosis, and whether the Benefits Review Board erred by affirming the ALJ;

2. Whether the determination of the Benefits Review Board and the ALJ that the employer did not rebut the presumption of 20 CFR § 718.305 by establishing the absence of pneumoconiosis is supported by substantial evidence; and

{R1271687.1}

3. Whether the determination of the Benefits Review Board and the ALJ that the employer did not rebut the presumption of 20 CFR § 718.305 by proving that no part of the miner's death was caused by pneumoconiosis is supported by substantial evidence.

Respectfully submitted,

CEDAR COAL COMPANY,

By counsel

s/ Mark J. Grigoraci
Mark J. Grigoraci (W. Va. Bar No. 9516)
Robinson & McElwee PLLC
P.O. Box 1791
400 Fifth Third Center
700 Virginia Street East
Charleston, WV   25326
304-344-5800
304-344-9566 (facsimile)
mjg@ramlaw.com

## **LIST OF RESPONDENTS**

Samuel B. Petsonk, Esquire
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV    25301

Rita A. Roppolo, Esquire
U.S. Department of Labor
200 Constitution Avenue, N.W., N-2119
Washington, DC   20210

Maia Fisher, Esquire
Associate Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210

Michael Chance
District Director
Division of Coal Mine Workers' Compensation
U.S. Department of Labor
OWCP/DCMWC/CMR
P.O. Box 8307
London, KY 40742-8307

{R1271687.1}

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**CEDAR COAL COMPANY,**

    Petitioner,

v.

**PEARL M. BARTON, survivor of CLARENCE E. BARTON,**

and

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,**

    Respondents.

**Appeal No.:** _____
**BRB No.: 16-0558 BLA**

## CERTIFICATE OF SERVICE

I, Mark J. Grigoraci, do hereby certify that a true and accurate copy of the foregoing **PETITION FOR REVIEW** was served via regular U.S. States mail, postage prepaid, on this 22nd day of August, 2017, on the following:

Samuel B. Petsonk, Esquire
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, WV  25301

Rita A. Roppolo, Esquire
U.S. Department of Labor
200 Constitution Avenue, N.W., N-2119
Washington, DC  20210

Maia Fisher, Esquire
Associate Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210

Michael Chance
District Director
Division of Coal Mine Workers' Compensation
U.S. Department of Labor
OWCP/DCMWC/CMR
P.O. Box 8307
London, KY 40742-8307

    s/ Mark J. Grigoraci
    Mark J. Grigoraci

{R1271687.1}

U.S. Department of Labor          Benefits Review Board
                                  P.O. Box 37601
                                  Washington, DC 20013-7601



BRB No. 16-0558 BLA

PEARL M. BARTON                                    )
(Widow of CLARENCE E. BARTON)                      )
                                                   )
            Claimant-Respondent                    )
                                                   )
    v.                                             )    JUN 2 7 2017
                                                   )
CEDAR COAL COMPANY                                 )    DATE ISSUED: _____
                                                   )
            Employer-Petitioner                    )
                                                   )
DIRECTOR, OFFICE OF WORKERS'                       )
COMPENSATION PROGRAMS, UNITED                      )
STATES DEPARTMENT OF LABOR                         )
                                                   )
            Party-in-Interest                      )    DECISION and ORDER

**NOT-PUBLISHED**

Appeal of the Decision and Order Awarding Benefits of Richard A. Morgan, Administrative Law Judge, United States Department of Labor.

Samuel B. Petsonk (Mountain State Justice, Inc.), Charleston, West Virginia, for claimant.

Mark J. Grigoraci (Robinson & McElwee PLLC), Charleston, West Virginia, for employer.

Before: HALL, Chief Administrative Appeals Judge, GILLIGAN and ROLFE, Administrative Appeals Judges.

PER CURIAM:

DOCKETED



Employer appeals the Decision and Order Awarding Benefits (2014-BLA-5443) of Administrative Law Judge Richard A. Morgan, rendered on a survivor's claim filed on July 22, 2013, pursuant to provisions of the Black Lung Benefits Act, as amended, 30 U.S.C. §§901-944 (2012) (the Act).[1] The administrative law judge determined that the miner had at least nineteen and one-half years in coal mine employment, with more than fifteen years spent working in underground coal mines or in conditions that were substantially similar to those found in an underground coal mine. The administrative law judge accepted employer's concession that the miner was totally disabled by a respiratory or pulmonary impairment and, therefore, found that claimant invoked the rebuttable presumption that the miner's death was due to pneumoconiosis at Section 411(c)(4) of the Act, 30 U.S.C. §921(c)(4) (2012).[2] The administrative law judge further found that employer did not rebut the presumption and awarded benefits accordingly.

On appeal, employer argues that the administrative law judge applied an incorrect rebuttal standard in considering whether employer disproved the existence of legal pneumoconiosis and erred in finding the opinions of Drs. Zaldivar and Sporn to be insufficient to establish rebuttal of the Section 411(c)(4) presumption. Claimant responds, urging affirmance of the award of benefits. The Director, Office of Workers' Compensation Programs, has not filed a response brief.[3]

The Board's scope of review is defined by statute. The administrative law judge's Decision and Order must be affirmed if it is rational, supported by substantial evidence, and in accordance with applicable law.[4] 33 U.S.C. §921(b)(3), as incorporated into the

---

[1] Claimant is the widow of the miner, who died on March 10, 2010. Director's Exhibit 2. Because there is no indication in the record that the miner was eligible to receive benefits at the time of his death, claimant is not eligible for automatic survivor's benefits pursuant to Section 422 (*l*) of the Act, 30 U.S.C. 932(*l*) (2012).

[2] Section 411(c)(4) of the Act provides a rebuttable presumption that a miner's death was due to pneumoconiosis in cases where the miner worked fifteen or more years in underground or substantially similar coal mine employment, and had a totally disabling respiratory or pulmonary impairment. 30 U.S.C. §921(c)(4) (2012); 20 C.F.R. §718.305(b), (c)(2).

[3] We affirm, as unchallenged on appeal, the administrative law judge's findings that the miner had at least fifteen years of qualifying coal mine employment, the miner was totally disabled, and that claimant invoked the Section 411(c)(4) presumption. *See Skrack v. Island Creek Coal Co.*, 6 BLR 1-710, 1-711 (1983).

[4] The miner's last coal mine employment occurred in West Virginia. Director's

Act by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

In order to rebut the presumption of death due to pneumoconiosis under Section 411(c)(4) in a survivor's claim, employer must establish that the miner had neither legal[5] nor clinical pneumoconiosis,[6] or that "no part of the miner's death was caused by pneumoconiosis as defined in [20 C.F.R.] §718.201." 20 C.F.R. §718.305(d)(2)(ii); *Copley v. Buffalo Mining Co.*, 25 BLR 1-81, 1-89 (2012). The administrative law judge found that employer failed to establish rebuttal by either method.

## I. Rebuttal of the Presumed Fact of Legal Pneumoconiosis

In considering whether employer disproved the existence of legal pneumoconiosis,[7] the administrative law judge noted that "[t]here is no dispute in this case that the miner suffered from severe [chronic obstructive pulmonary disease (COPD)] and emphysema which is supported by all of the medical opinion evidence and treatment records." Decision and Order at 26. The administrative law judge found that, "[a]s Dr. Zaldivar and Dr. Sporn do not adequately explain the basis for ruling out [a] significant

---

Exhibits 1, 3. Accordingly, the Board will apply the law of the United States Court of Appeals for the Fourth Circuit. *See Shupe v. Director, OWCP*, 12 BLR 1-200, 1-202 (1989) (en banc).

[5] Legal pneumoconiosis is defined as "any chronic lung disease or impairment and its sequelae arising out of coal mine employment. This definition includes, but is not limited to, any chronic restrictive or obstructive pulmonary disease arising out of coal mine employment." 20 C.F.R. §718.201(a)(2). The regulation provides that "a disease 'arising out of coal mine employment' includes any chronic pulmonary disease or respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. §718.201(b).

[6] Clinical pneumoconiosis consists of "those diseases recognized by the medical community as pneumoconioses, *i.e.*, the conditions characterized by permanent deposition of substantial amounts of particulate matter in the lungs and the fibrotic reaction of the lung tissue to that deposition caused by dust exposure in coal mine employment." 20 C.F.R. §718.201(a)(1).

[7] The administrative law judge determined that employer established that the miner did not have clinical pneumoconiosis. Decision and Order at 25.

contribution from coal mine dust exposure to the miner's severe COPD," their opinions failed to establish that the miner did not have legal pneumoconiosis. *Id.* at 28; *see* Employer's Exhibits 1-3, 10.

Employer contends that the administrative law judge's use of the term "ruling out" suggests that he applied an incorrect rebuttal standard in finding that employer failed to disprove that the miner had legal pneumoconiosis. We disagree. The administrative law judge correctly stated that in order to establish the first method of rebuttal, employer must prove that the miner "did not have legal and clinical pneumoconiosis by a preponderance of the evidence." Decision and Order at 21. The administrative law judge also properly noted that legal pneumoconiosis includes "any chronic pulmonary disease or respiratory or pulmonary impairment that is significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. §718.201(b); *see* Decision and Order at 21. In rejecting the opinions of Drs. Zaldivar and Sporn, the administrative law judge did not, as employer asserts, require these physicians to "rule out" all contribution from coal dust exposure to the miner's COPD in order to disprove legal pneumoconiosis. Rather, the administrative law judge simply concluded that neither Dr. Zaldivar nor Dr. Sporn adequately explained why *they* completely excluded coal dust exposure as a significant contributor to the miner's COPD. *Id.* Consequently, as the administrative law judge applied the correct rebuttal standard in evaluating whether employer disproved the existence of legal pneumoconiosis, employer's assertion of error is rejected. *See Minich v. Keystone Coal Mining Corp.*, 25 BLR 1-149, 1-154-56 (2015) (Boggs, J., concurring and dissenting).

With regard to the administrative law judge's specific credibility findings, we reject employer's assertion that the administrative law judge failed to give valid reasons for the weight accorded to the opinions of Drs. Zaldivar and Sporn. In his report dated June 9, 2014, Dr. Zaldivar opined that the miner did not have legal pneumoconiosis but that he suffered from "bronchospasm all of his life[,] caused or aggravated by his smoking habit, unrelated to coal mining work." Employer's Exhibit 1. Citing medical literature, Dr. Zaldivar diagnosed the miner with "overlap syndrome" where "an individual suffers from both emphysema and bronchospasm[,]" and he explained that this condition is characteristic of COPD due to smoking but not COPD due to coal workers' pneumoconiosis. *Id.* At his deposition held on March 7, 2016, Dr. Zaldivar reiterated that the miner did not have legal pneumoconiosis because, "in this case we have a clear diagnosis of smokers' asthma-COPD overlap syndrome, with a very extensive history of smoking which, in itself, is sufficient to cause such problem and no evidence of radiographic pneumoconiosis by any means." Employer's Exhibit 10 at 7-8. Dr. Zaldivar also testified that the miner had chronic bronchitis unrelated to his coal dust exposure because the miner "left the coal mine a long time before" developing symptoms of bronchitis. *Id.* at 15. Dr. Zaldivar stated: "He was a smoker and he had asthma, so

4

yes, he had plenty of reasons to develop chronic bronchitis. So that is the explanation as to why this man doesn't have bronchitis due to his work." *Id.* at 15-16.

Contrary to employer's argument, we see no error in the administrative law judge's finding that Dr. Zaldivar's opinion is not sufficiently reasoned to disprove that the miner had legal pneumoconiosis. Decision and Order at 26. The administrative law judge permissibly found that "even assuming Dr. Zaldivar is correct in diagnosing both asthma and cigarette-induced COPD, and the negative implications of the overlap of these two conditions," Dr. Zaldivar failed to give "a documented or well-reasoned basis for excluding the contribution of the miner's nearly [twenty] years of coal mine dust exposure to his disabling lung disease." *Id.*; *see Harman Mining Co. v. Director, OWCP [Looney]*, 678 F.3d 305, 316-17, 25 BLR 2-115, 2-133 (4th Cir. 2012); *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 533, 21 BLR 2-323, 2-336 (4th Cir. 1998); *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 441, 21 BLR 2-269, 2-274 (4th Cir. 1997).

Similarly, in his report dated September 3, 2015, Dr. Sporn explained that "the main cause of clinically significant [COPD] . . . is smoking." Employer's Exhibit 2. He opined that the miner's COPD was not legal pneumoconiosis because "the dosage of cigarette smoke sustained by [the miner] exceeded the lung burden of coal mine dust and therefore was the sole cause of his impairment . . . from chronic obstructive lung disease." *Id.* Despite employer's contention, we see no error in the administrative law judge's finding that Dr. Sporn's opinion is not sufficiently reasoned to disprove that the miner had legal pneumoconiosis. Decision and Order at 27. The administrative law judge rationally found that while smoking may have been the major contributing cause of the miner's COPD, Dr. Sporn "does not adequately explain how a significant smoking history [necessarily] excludes contribution from the miner's nearly [twenty] years of coal mine dust exposure" to his COPD.[8] *Id.*; *see Looney*, 678 F.3d at 316-17, 25 BLR at 2-133; *Hicks*, 138 F.3d at 533, 21 BLR at 2-336.

Thus, because it is supported by substantial evidence, we affirm the administrative law judge's finding that the opinions of Drs. Zaldivar and Sporn do not satisfy

---

[8] Employer argues that the administrative law judge mischaracterized the opinions of Drs. Zaldivar and Sporn as requiring a positive x-ray to diagnose legal pneumoconiosis and, thus, improperly found that their opinions were contrary to the regulations. It is not necessary that we address this argument as we affirm the administrative law judge's decision to discredit employer's physicians on other valid grounds. *See Kozele v. Rochester and Pittsburgh Coal Co.*, 6 BLR 1-378, 1-382 n.4 (1983).

5

employer's burden to disprove the existence of legal pneumoconiosis.[9] *See Clark v. Karst-Robbins Coal Co.*, 12 BLR 1-149, 1-155 (1989) (en banc). Consequently, we affirm the administrative law judge's finding that employer is unable to establish rebuttal pursuant 20 C.F.R. §718.305(d)(1)(i).[10] *See W. Va. CWP Fund v. Bender*, 782 F.3d 129, 137, 25 BLR 2-689, 2-699 (4th Cir. 2015); *Morrison v. Tenn. Consol. Coal Co.*, 644 F.3d 473, 480, 25 BLR 2-1, 2-9 (6th Cir. 2011).

## II. Rebuttal of the Presumed Fact of Death Causation

In evaluating whether employer established rebuttal pursuant 20 C.F.R. §718.305(d)(2)(ii), the administrative law judge noted that all of the physicians agree "that the miner's severe COPD was a significant contributing cause of his death." Decision and Order at 29; *see* Employer's Exhibits 1-2. Because employer failed to establish that the miner's COPD was not legal pneumoconiosis, the administrative law judge concluded that the opinions of Drs. Zaldivar and Sporn were not credible to establish that no part of the miner's death was caused by legal pneumoconiosis. Decision and Order at 30. Contrary to employer's assertion, the administrative law judge's finding was rational and proper. *See Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504-05, 25 BLR 2-713, 2-720-22 (4th Cir. 2015); *Toler v. E. Assoc. Coal Corp.*, 43 F.3d 109, 116, 19 BLR 2-70, 2-83 (4th Cir. 1995); *see also Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074, 25 BLR 2-431, 2-452 (6th Cir. 2013); *Island Creek Ky. Mining v. Ramage*, 737 F.3d 1050, 1062, 25 BLR 2-453, 2-473 (6th Cir. 2013); Decision and Order at 30.

We also reject employer's assertion that the administrative law judge did not adequately consider that claimant was denied survivor's benefits on her state workers' compensation claim.[11] The administrative law judge discussed this evidence and

---

[9] Because employer bears the burden of proof on rebuttal, and we have affirmed the administrative law judge's discrediting of the opinions of Drs. Zaldivar and Sporn, it is not necessary that we address employer's arguments with regard to the weight given the opinions of Drs. Rasmussen and Forehand, who diagnosed legal pneumoconiosis. *See Morrison v. Tenn. Consol. Coal Co.*, 644 F.3d 473, 480, 25 BLR 2-1, 2-9 (6th Cir. 2011).

[10] Employer must disprove both legal and clinical pneumoconiosis in order to establish the first method of rebuttal. *See W. Va. CWP Fund v. Bender*, 782 F.3d 129, 137, 25 BLR 2-689, 2-699 (4th Cir. 2015).

[11] Claimant filed a claim with the State of West Virginia for survivor's benefits on November 4, 2008. Employer's Exhibit 8. The claim was denied by a claims examiner on April 29, 2009, on the basis that occupational pneumoconiosis was not "a contributing

correctly noted that "the regulatory standards for entitlement in a state claim are different than those in a Federal black lung claim." Decision and Order at 16. Because the evidence from the state claim was not admitted in the record for this claim, the administrative law judge rationally found that he was unable to assess the basis for the denial of state workers' compensation benefits. *Id.* We therefore affirm the administrative law judge's finding that the state claim determination is entitled to little weight. *See Miles v. Central Appalachian Coal Co.*, 7 BLR 1-744, 1-748 (1985); *Stanley v. Eastern Associated Coal Corp.*, 6 BLR 1-1157 (1984).

Thus, because it is supported by substantial evidence, we affirm the administrative law judge's finding that employer failed to establish that no part of the miner's death was caused by legal pneumoconiosis. *Copley*, 25 BLR at 1-89. We therefore affirm the administrative law judge's finding that employer failed to establish rebuttal pursuant to 20 C.F.R. §718.305(d)(2)(ii). *Id.*; Decision and Order at 30.

---

factor in the death of the deceased" miner. Employer's Exhibit 7. The denial was upheld by the West Virginia Workers' Compensation Board of Review and the West Virginia Supreme Court of Appeals. Employer's Exhibits 5, 6.

7

Accordingly, the administrative law judge's Decision and Order Awarding Benefits is affirmed.

SO ORDERED.

*Betty Jean Hall*

BETTY JEAN HALL, Chief
Administrative Appeals Judge

*Ryan Gilligan*

RYAN GILLIGAN
Administrative Appeals Judge

*Jonathan Rolfe*

JONATHAN ROLFE
Administrative Appeals Judge

8

## CERTIFICATE OF SERVICE

2016-0558-BLA Pearl M. Barton (Survivor of Clarence E. Barton) v. Cedar Coal Company, Director, Office of Workers' Compensation Programs (Case No. 14-BLA-5443)

I certify that the parties below were served this day.

_06/27/2017_
(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Alexander Franklin Smith
Office of Administrative Law Judges
Techworld Plaza
800 K Street NW
Washington, DC 20001
--Electronic

Rita A. Roppolo, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Ave, N. W. Suite N-2119
Washington, DC 20210

Hon. Richard A. Morgan
U. S. Department of Labor Office of Administrative Law Judges
William S. Moorhead Federal Office Building
1000 Liberty Avenue, Suite 1800
Pittsburgh, PA 15222

Maia Fisher
Associate Solicitor, U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210
--Electronic

Michael Chance
District Director
U.S. Department of Labor
Suite C-3515, NDOL
Washington, DC 20210

Mr. Mark J. Grigoraci
Robinson & McElwee
400 Fifth Third Center
700 Virginia Street, East
Charleston, WV 25301
--Certified

Pearl M. Barton
P.O. Box 213
Glasgow, WV 25086
--Certified

Samuel B. Petsonk, Esq.
Mountain State Justice
1031 Quarrier Street, Suite 200
Charleston, WV 25301
--Electronic

## NOTICE OF APPEAL RIGHTS

A Decision of the Benefits Review Board shall become final sixty (60) days after its issuance unless a written petition for review is filed with the appropriate United States Court of Appeals prior to the expiration of the sixty (60) day period, or unless a timely request for reconsideration is filed with the Board. 33 U.S.C. Section 921; 30 U.S.C. Section 932(a); 20 C.F.R. Sections 802.406, 802.407. Therefore, you are advised that you may SEEK RECONSIDERATION OF, OR APPEAL, a final decision of the Board within the time limits set forth below. THE TIME LIMITS CANNOT BE EXTENDED, AND YOU MUST SUBMIT YOUR REQUEST TO THE PROPER PLACE WITHIN THE TIME PROVIDED.

If you seek RECONSIDERATION by this Board (that is, if you want the Board to reconsider its decision), you must submit to the Board a written Motion for Reconsideration within 30 DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION. Your motion should identify any error you find in the Board's opinion and state the reasons you believe warrant further consideration of your case. If you file a timely motion for reconsideration, you will have sixty (60) days from issuance of the Board's decision on reconsideration to file an appeal with a Court of Appeals, as set forth below.

Alternatively, if you wish to APPEAL to a United States Court of Appeals, you must insure that a petition for review is received by THE APPROPRIATE COURT (NOT THIS BOARD WITHIN SIXTY (60) DAYS OF THE DATE STAMPED ON THE FRONT OF THIS DECISION. The petition for review should contain the case number and the date of the Board's decision. The petition should be sent to the Court of Appeals which covers the state in which the employee's injury occurred. In a black lung claim, any state in which the miner had coal mine employment may be considered the state in which the injury occurred (i.e., for a black lung appeal, you may file in any Court of Appeals covering any state in which you worked as a miner). Listed on the back of this page are the twelve Courts of Appeals and the states they cover. You should identify the court covering the state of injury (including all states of mine employment for black lung claims) and file your petition with that court. If you have question about your case, call the Clerk of the court at the number shown on the bottom of this page. If you appeal directly to the Court of Appeals you may not later get reconsideration by the Board. However, if you seek Board reconsideration you may later appeal the Board's ruling on reconsideration to the Court of Appeals.

IF YOU HAVE ANY QUESTIONS ABOUT THE PROCEDURES TO BE FOLLOWED IN YOUR CASE, CALL THE OFFICE OF THE CLERK OF THE BOARD, (202) 693-6300.

## COURT OF APPEALS

First Circuit (Maine, New Hampshire, Rhode Island Massachusetts, Puerto Rico)
Margaret Carter, Clerk
U.S. Court of Appeals
  for the First Circuit
1 Court House Way
Suite 2500
Boston, MA 02210
(617) 748-9057
www.ca1.uscourts.gov

Third Circuit (Pennsylvania, New Jersey, Delaware, Virgin Islands)
Marcia M. Waldron, Clerk
U.S. Court of Appeals
  for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
(215) 597-2995
www.ca3.uscourts.gov

Fifth Circuit (Louisiana, Texas, Mississippi)
Lyle W. Cayce, Clerk
U.S. Court of Appeals
  for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408
(504) 310-7700
www.ca5.uscourts.gov

Seventh Circuit (Wisconsin, Illinois, Indiana)
Gino Agnello, Clerk
U. S. Court of Appeals
  for the Seventh Circuit
219 South Dearborn Street
Room 2722
Chicago, IL 60604
(312) 435-5850
www.ca7.uscourts.gov

Ninth Circuit (Washington, Oregon, Montana, Idaho, California, Nevada, Arizona, Alaska, Hawaii)
Molly C. Dwyer, Clerk
U.S. Court of Appeals
  for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103
(415) 355-8000
www.ca9.uscourts.gov

Eleventh Circuit (Alabama, Georgia, Florida)
John Ley, Clerk
U. S. Court of Appeals
  for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303
(404) 335-6100
www.ca11.uscourts.gov

June 2011

Second Circuit (New York, Connecticut, Vermont)
Catherine Ohagan Wolfe, Clerk
U.S. Court of Appeals
  for the Second Circuit
40 Foley Square
Room 1702, U.S. Courthouse
New York, NY 10007
(212) 857-8544
www.ca2.uscourts.gov

Fourth Circuit (Maryland, Virginia, West Virginia North Carolina, South Carolina)
Patricia S. Connor, Clerk
U.S. Court of Appeals
  for the Fourth Circuit
1100 East Main Street
Room 501
Richmond, VA 23219-3517
(804) 916-2700
www.ca4.uscourts.gov

Sixth Circuit (Ohio, Kentucky, Tennessee, Michigan)
Leonard Green, Clerk
U.S. Court of Appeals
  for the Sixth Circuit
100 East 5th Street, Room 424
Cincinnati, OH 45202
(513) 564-7000
www.ca6.uscourts.gov

Eighth Circuit (Minnesota, Iowa, Missouri, Arkansas, Nebraska, South Dakota, North Dakota)
Michael Gans, Clerk
U.S. Court of Appeals
  for the Eighth Circuit
Thomas F. Eagleton Court House
111 South 10th Street Room 24.329
St. Louis, MO 63102
(314) 244-2400
www.ca8.uscourts.gov

Tenth Circuit (Wyoming, Utah, Colorado, Kansas, Oklahoma, New Mexico)
Elisabeth A. Shumaker, Clerk
U.S. Court of Appeals
  for the Tenth Circuit
1823 Stout Street
Denver, CO 80257
(303) 844-3157
www.ca10.uscourts.gov

District of Columbia Circuit (Washington, D.C.)
Mark J. Langer, Clerk
U.S. Court of Appeals
  for the D.C. Circuit
3rd and Constitution Avenue, N.W.
Washington, D.C. 20001
(202) 216-7000
www.cadc.uscourts.gov